### TRAMMELL *vs.* FINDLEY.

The verdict is sustained by the evidence.

May 7, 1888.

Verdict. Evidence. Before Judge WELLBORN. Hall superior court. August term, 1887.

J. A. Findley sued out his distress warrant against J. G. Trammell, and it was levied on certain furniture, etc., which was claimed by Trammell's wife, part of it as having been purchased with her own money, and the balance as having been set apart as an exemption of personalty to her husband.

On the trial, the claimant admitted possession in the defendant and assumed the burden. The exemption papers were introduced; and as the jury found in favor of the claimant as to the property claimed as exempt, and she is plaintiff in error here, no further allusion to that branch of the case need be made.

As to the balance of the property, the defendant swore that he purchased it for the claimant with money which belonged to her; and she swore that her money purchased the property, and that it was money which arose from profits made by her and her son in keeping the Hudson House and Arlington Hotel. The son swore that they made no money running the hotels, and he gave the money to his mother, telling her that it was from profits from the hotel because his father was old, feeble and depressed, and witness did not want to let him know that money had not been made; and that he had paid off some balances on some of the bills for the property in question since the distress warrant was levied, but did not remember to whom they were charged.

The plaintiff showed that the hotels were rented by the defendant and run in his name; that the goods in question were put into the house, for the rent of which the warrant was issued, when they were new; that they were marked to defendant, and he told the agent of plaintiff in the presence of claimant that he had bought and paid for them, which claimant did not then deny; and that the agent afterwards asked defendant for the rent in the presence of claimant, and defendant said he had used all his money in repairing cottages and furnishing the house, and also showed the agent the furniture and told him from

whom it was bought, and the claimant made no claim to any part of it then.

The jury found this property subject, and the property claimed as exempt not subject. The claimant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and to the charge of the court.

The motion was overruled, and the claimant excepted.

W. L. PIKE, CLAUD ESTES and F. M. JOHNSON for plaintiff in error.

J. B. ESTES, *contra.*

BLANDFORD, Justice.

This was a claim case. The jury found part of the property levied on subject, and part not subject. The claimant moved for a new trial, which was refused. The motion for a new trial was based alone upon the ground that the verdict was contrary to law and to the evidence, and without evidence to support it. We find on looking into the record that there was sufficient evidence to support the verdict, and therefore that the court committed no error in refusing to grant a new trial.

Judgment affirmed.